*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0203p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

FEDEX CORPORATION; FEDERAL EXPRESS
CORPORATION, and Subsidiaries,

*Plaintiffs-Appellees,*

           No. 03-6514

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 01-02200—Samuel H. Mays, Jr., District Judge.

Argued: December 6, 2004

Decided and Filed: February 16, 2005[*]

Before: NELSON and BATCHELDER, Circuit Judges; COLLIER, District Judge.[**]

---

## COUNSEL

**ARGUED:** Kenneth L. Greene, DEPARTMENT OF JUSTICE, TAX DIVISION, Washington, D.C., for Appellant. Kenneth W. Gideon, SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP, Washington, D.C., for Appellees. **ON BRIEF:** Kenneth L. Greene, Randolph L. Hutter, DEPARTMENT OF JUSTICE, TAX DIVISION, Washington, D.C., for Appellant. Kenneth W. Gideon, Albert H. Turkus, SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP, Washington, D.C., Colby S. Morgan, Jr., Joseph L. Schiffhouer, Kathleen L. Chambers, FEDERAL EXPRESS CORPORATION, Memphis, Tennessee, for Appellees.

---

[*]This decision was originally issued as an "unpublished decision" filed on February 16, 2005. On April 19, 2005, the court designated the opinion as one recommended for full-text publication.

[**]The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

---

**OPINION**

---

ALICE M. BATCHELDER, Circuit Judge.　The United States appeals the district court's order granting judgment in favor of Plaintiffs-Appellees FedEx Corp. and subsidiaries ("FedEx") for overpayment of taxes in the amount of $66,474,287.10 plus interest thereon.　FedEx, a common carrier, paid $70,000,000 in taxes and accrued interest pursuant to an Internal Revenue Service determination that it was required to capitalize, rather than currently deduct, expenses attributable to off-wing maintenance of its jet aircraft engines and auxiliary power units incurred during tax years 1993 and 1994.　To perform this maintenance, technicians would remove the engine from the aircraft, clean it, and make minor repairs.　Finding that the maintenance performed on the engines and auxiliary power units constituted incidental repairs that did not appreciably prolong the life of the aircraft, the district court held that FedEx was entitled to deduct such maintenance costs that were incurred during tax years 1993 through 1994 and entered a judgment compensating FedEx for its overpayment of taxes.

After carefully reviewing the record, the applicable law, the parties' briefs and counsels' arguments, we are convinced that the district court did not err.　We cannot improve upon the district court's opinion, published at 291 F. Supp. 2d 699 (W.D. Tenn. 2003), which carefully and correctly sets out the law governing the issues raised, and clearly articulates the reasons underlying its decision.　Issuance of a full written opinion by this court would therefore serve no useful purpose.　Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.